## STATE v. HUBERT THURMES.[1]

February 9, 1951.

No. 35,241.

*William W. Fink*, for appellant.

*J. A. A. Burnquist*, Attorney General, *Ralph Stone*, Assistant Attorney General, *James F. Lynch*, County Attorney, and *John P. Frank*, Assistant County Attorney, for the State.

MATSON, JUSTICE.

Defendant appeals from a judgment convicting him of wilfully failing to support his five-year-old child.

Defendant and the complaining witness, Mrs. Leona Horbach, had been married, and two children were born as issue of that marriage—Beverly Mae, who is five years old, and Leonard Lee, three years old. On June 20, 1947, they were divorced; the wife later remarried. Under the divorce decree, defendant was required to pay $10 per week for the support of the children. In October 1949, the district court of Ramsey county found that defendant was not guilty of contempt for failure to comply with the divorce decree, the last of three such contempt proceedings. Thereafter, on December 28, 1949, Mrs. Horbach, on the *alleged* ground that it was necessary to institute criminal proceedings against defendant in order to qualify her with the welfare department for a grant of aid for dependent children, signed a. complaint charging defendant, pursuant to M. S. A. 617.56, with the crime of wilfully failing to

[1]Reported in 46 N. W. (2d) 258.

support a minor child. Defendant, who was found guilty, appeals from the judgment of conviction.

This is a criminal proceeding pursuant to § 617.56, and the sole issue is whether the evidence sustains, *beyond a reasonable doubt*, the trial court's finding that defendant *wilfully* failed to support his minor child. Section 617.56 provides:

"* * * and every person having legal responsibility for the care or support of a child who is under 16 years of age and unable to support himself by lawful employment, who *wilfully* fails to make proper provision for such child, is guilty of a misdemeanor." (Italics supplied.)

Defendant admitted that out of total earnings of $500 for the year 1949 he had contributed only $20 toward the support of his children. Obviously, standing by itself, the sum of $500 would scarcely be sufficient to pay defendant's own bare living expenses without making any allowance for dependents. An uncle, with whom defendant lived near Lake Elmo, testified, however, that, for the sake of enjoying his nephew's company, he furnished defendant with free board and room. Defendant testified to the contrary and stated that he had paid his uncle $40 monthly for room and board. It appears that there were times when he did not stay with his uncle. Defendant had been unemployed most of the time. In October 1949 he was told that he might possibly find employment at a St. Paul industrial plant on Como avenue. On the alleged ground that he had no means of transportation for traveling the 25 miles between Lake Elmo and the suggested place of work, he made no effort to find out if such employment could be had. Of no little significance, however, is the fact that the Ramsey county district court in October 1949, pursuant to a hearing upon an order to show cause why defendant should not be held in contempt of court for failure to comply with the divorce decree which required him to pay $10 weekly for his children's support, adjudged him not guilty. This was the last of three such contempt proceedings. There is also testimony that he actively, though un-

successfully, sought work during October and November 1949 at the South St. Paul packing plants and at various dry-cleaning establishments. He also registered at the U. S. Employment Service for dry-cleaning work, which vocation was suggested by the employment bureau after considering defendant's past experience. His uncle, who is regularly employed by the Minnesota Mining & Manufacturing Company, tried to find work for him with that company but with no success. Another evidentiary fact must be considered, namely, that on November 23, 1949, defendant accidentally injured and cut his leg below the knee in such a manner that it is doubtful whether he could have pursued any gainful employment from then until the time of the trial. For his injury, he was treated at Ancker Hospital in St. Paul on November 23 and 29, December 2, 6, 9, and again on the 16th, when he was told, because his leg wound was still draining, to report back for further treatment two weeks later, or on December 30. The hospital records do not show whether he reported for further medication on the date last mentioned. The evidence as a whole was both conflicting and indefinite. The only thing that the evidence proves beyond a reasonable doubt is that defendant, to a deplorable extent, is lacking in both initiative and energy. Human beings must be judged in the light of what they are and not according to what they ought to be. We cannot say that the evidence sustains a finding that defendant is guilty of the crime of *wilfully* failing to support his minor child.

Judgment reversed.